ORIGINAL

cc WRP

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MORGAN EARLY #10104
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Morgan.Early@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 09 2019
at 11 o'clock and 11 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) MAG. NO. 19-01256 WRP |
|---|---|
| Plaintiff, | ) MOTION TO DETAIN DEFENDANT |
| vs. | ) |
| TYLER PANG, | ) |
| Defendant. | ) |

MOTION TO DETAIN DEFENDANT

The United States hereby moves to detain defendant without bail, pursuant to 18 U.S.C. § 3142.

1. <u>Eligibility of Case</u>. This defendant is eligible for detention because the case involves (check all that apply):

    ___ a. Offense committed on release pending felony trial (3142(d)(1)(A)(i))*

    ___ b. Offense committed on release pending imposition, execution, or appeal of sentence, conviction or completion of sentence (3142(d)(1)(A)(ii))*

    ___ c. Offense committed while on probation or parole (3142(d)(1)(A)(iii))*

    ___ d. A citizen of a foreign country or unlawfully admitted person (3142(d)(1)(B))*

    ___ e. Crime of violence (3142(f)(1)(A))

    ___ f. Maximum sentence life imprisonment or death (3142(f)(1)(B))

    ___ g. 10+ year drug offense (3142(f)(1)(C))

    ___ h. Felony, with two prior convictions in above categories (3142(f)(1)(D))

    **X** i. Felony not otherwise a crime of violence involving a minor victim (3142(f)(1)(E))

    ___ j. Felony not otherwise a crime of violence involving the possession or use of a firearm, destructive device, or dangerous weapon (3142(f)(1)(E))

    ___ k. Felony not otherwise a crime of violence involving a failure to register under 18 U.S.C. § 2250 (3142(f)(1)(E))

    **X** l. Serious risk defendant will flee (3142(f)(2)(A))

    __X__  m.    Danger to other person or community **

    __X__  n.    Serious risk obstruction of justice (3142(f)(2)(B))

    __X__  o.    Serious risk threat, injury, intimidation of prospective witness or juror (3142(f)(2)(B))

\* requires "l" or "m" additionally

\*\* requires "a", "b", "c", or "d" additionally

2. <u>Reason for Detention</u>. The court should detain defendant (check all that apply):

    __X__  a.    Because there is no condition or combination of conditions of release which will reasonably assure defendant's appearance as required (3142(e))

    __X__  b.    Because there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community (3142(e))

    ___  c.    Pending notification of appropriate court or official (not more than 10 working days (3142(d))

3. <u>Rebuttable Presumption</u>. A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community arises under Section 3142(e) because (check all that apply):

    ___  a.    Probable cause to believe defendant committed 10+ year drug offense

    ___  b.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 924(c)

        \_    c.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 956(a) or 2332b

        \_    d.    Probable cause to believe defendant committed 10+ year offense listed in 18 U.S.C. § 2332b(g)(5)(B)

        **X**    e.    Probable cause to believe defendant committed an offense involving a minor victim listed in 18 U.S.C. § 3142(e)

        \_    f.    Previous conviction for eligible offense committed while on pretrial release

4. <u>Time for Detention Hearing</u>. The United States requests that the court conduct the detention hearing:

        \_    a.    At first appearance

        **X**    b.    After continuance of **3** days (not more than 3)

5. <u>Additional Information.</u>

Tyler PANG was arrested Monday, December 9, 2019, pursuant to a Criminal Complaint charging him with cyberstalking a woman (AF1) and distributing child pornography. PANG's conduct spanned a significant period of time: his online stalking of AF1 began in approximately April 2018 when AF1 was still a minor, and continued into 2019 when she was an adult. (AF1 turned eighteen at the end of 2018). The video PANG used to threaten and harass AF1 depicted her engaged in sexually explicit conduct while she was a minor. He also distributed this video of AF1 to other users on Instagram, thus violating 18 U.S.C.

4

§ 2252A(a)(2), which is a predicate statute for the rebuttable presumption in 18 U.S.C. § 3142(e)(3)(E). Accordingly, this case qualifies as "involving a minor victim" under 18 U.S.C. § 3142(e)(3)(E), and there is a rebuttable presumption that he should be detained pending trial.

In addition, the nature of this offense involved PANG's systematic online threatening and intimidation of AF1, and she is a key witness in the government's case against him. If released pending trial, PANG will have the ability to further intimidate AF1. He can use any cellphone, computer, digital device, or internet connection that he incidentally encounters to log in to the social media sites he used to commit his crime. During the course of the charged offense, PANG utilized *multiple* Instagram accounts to get around AF1's attempts to "block" his harassment and threats. If released, he would easily be able to continue this pattern to intimidate and threaten AF1, which caused her ongoing substantial emotional distress.

//
//
//
//
//
//

The government will submit additional information relevant to detention in a Memorandum in Support of Motion to Detain, which will be filed before the scheduled detention hearing.

DATED: December 9, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

By /s/
MORGAN EARLY
Assistant U.S. Attorney